NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3068

JAMES ARCHIBALD,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

_____

DECIDED: June 6, 2006

_____

Before SCHALL, Circuit Judge, CLEVENGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

James Archibald seeks review of the final decision of the Merit Systems Protection Board ("Board") sustaining the action of the Department of the Air Force ("agency") correcting Mr. Archibald's qualification for retirement from the Civil Service Retirement System ("CSRS") to CSRS-Offset. Archibald v. Dep't of the Air Force, No. CH0839040608-I-1 (Sept. 20, 2005). We affirm.

I

Retirement pursuant to CSRS is apparently more desirable than retirement pursuant to CSRS-Offset. This case involves the question of whether Mr. Archibald was correctly placed in CSRS-Offset when he returned to a position with the agency after a break in service of one year, one month and 19 days.

The question in this case is governed by the terms of 5 U.S.C. § 8402(b)(1), which provides that employees who have performed "continuous" service since December 31, 1983, are exempt from coverage under the Federal Employees Retirement System ("FERS") and are permitted coverage under CSRS. Section 8402(b)(1) cross references section 210(a)(5) of the Social Security Act for the definition of continuous service. Section 210(a)(5), codified at 42 U.S.C. § 410(a)(5), provides that an employee is excluded from FERS (and therefore entitled to CSRS coverage) only if the employee has not experienced a break in service of over 365 days. Under these statutes, service is not "continuous" if a break in service exceeds 365 days.

The problem for Mr. Archibald, as explained in some detail below, is that he experienced a break in service exceeding 365 days. Mr. Archibald does not disagree with this interpretation of the applicable statutory provisions, nor does he contest that the break in service from the date of the last day of his first job to the first day of his second job exceeds 365 days.

II

Mr. Archibald's position with the agency was transferred from a location near St. Louis, Illinois, to Huntsville, Alabama, in 1997. Apparently not wishing to move, Mr. Archibald accepted a discontinued service retirement effective on November 15, 1997. On November 10, 1998, Mr. Archibald was offered, and accepted, a position at Scott Air Force Base, near Belleville, Illinois, not far from St. Louis. In his previous position, Mr. Archibald had been in the CSRS retirement system, and Mr. Archibald expected to remain in the CSRS system with the new position.

If the agency had moved quickly to perform the paperwork for the new job, and if Mr. Archibald had begun work within the five days after November 10, he would have met the continuity requirements to remain under CSRS coverage. But such was not the case. The agency told Mr. Archibald that his appointment had met with delay, and on December 12, 1998, the agency asked Mr. Archibald if he still wanted the new job. Mr. Archibald told the agency he only wanted the new job if CSRS coverage came with it, and an agency representative told Mr. Archibald that he would be restored to CSRS coverage. Mr. Archibald then turned down another job offer and confirmed his acceptance of the new position with the agency.

On January 4, 1999, the agency issued a form SF-50, memorializing Mr. Archibald's return to service and indicating that he enjoyed CSRS coverage. Later, the agency determined that the break in Mr. Archibald's service exceeded 365 days, and on April 30, 1999, it issued a revised SF-50 reflecting the start date of the new job, but assigning Mr. Archibald to the less desirable CSRS-Offset retirement plan.

On March 9, 2001, nearly two years later, Mr. Archibald contacted the agency to ask why he had been given CSRS-Offset coverage. The agency explained that because his break in service had been longer than 365 days, Mr. Archibald could not qualify for CSRS coverage.

Mr. Archibald next contacted the agency on July 24, 2003, asking for official documentation from the agency "in regards to his situation." On May 24, 2004, the agency sent Mr. Archibald an official decision of CSRS ineligibility.

Mr. Archibald then filed his suit with the Board. He sought correction of his records to entitle him to CSRS coverage.

III

The Administrative Judge ("AJ") assigned to the case denied Mr. Archibald's request for a hearing, due to the agreement of the parties as to the relevant facts and law.

As noted above, the law denies CSRS coverage to a returning federal employee who has experienced a break in service of more than 365 days. Although Mr. Archibald had not experienced a 365-day break in service on the date he first stated his acceptance of the new job (November 10, 1998), the AJ correctly noted that the limit of 365 days is measured by the dates of actual service. The relevant statutes do not measure continuity from the date a job is offered or accepted, and thus Mr. Archibald's argument that November 10 is an operative date failed.

Consequently, the AJ ruled that Mr. Archibald fell afoul of the 365-day rule and that he was therefore disqualified for CSRS coverage.

Mr. Archibald then argued to the AJ that he should be excused from the 365-day rule because he had been misled by agency officials who promised him that he would enjoy continued CSRS coverage, officials who in fact initially provided a form SF-50 granting such continued coverage. The AJ rejected this argument based on Office of Personnel Management v. Richmond, 496 U.S. 414 (1990). In Richmond, the Supreme Court held, on facts not far removed from the facts of this case, that misinformation supplied by the agency cannot estop the government from enforcement of the law as written.

Mr. Archibald's petition for review by the full Board was denied, thus converting the initial adverse decision of the AJ into the final Board decision, ripe for review in this court. Mr. Archibald timely petitioned for review in this court.

IV

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000).

Mr. Archibald repeats the two arguments he made to the Board and in addition argues that it was reversible error to deny him a hearing. As for the first two arguments, we agree with the Board that the law is clear; a break of over 365 days of actual service fails to satisfy the continuity requirement of the relevant statutes. Therefore, on the law, the Board correctly held that Mr. Archibald cannot qualify for CSRS coverage. Further, we agree that Richmond overwhelms Mr. Archibald's estoppel argument. Although we may sympathize with Mr. Archibald's plea for relief based on promises made by agency officials that he would qualify for CSRS retirement, we, like the Board, are bound by Richmond.

Finally, we reject Mr. Archibald's argument that he is entitled to a hearing. Here, there are no facts in dispute; the agency even admits that its personnel misled Mr. Archibald. Nor is there any need for a hearing to explicate and apply the law, which is uncontested.

We thus perceive no error in the final decision of the Board, which accordingly is affirmed.